General Accident Assurance Corp., Ltd., Appellant, *v.* Motorists Mutl. Ins. Co., Appellee.

(No. 1655—Decided May 25, 1965.)

*Mr. Chester C. Beard*, for appellant.
*Mr. Paul E. Kightlinger*, for appellee.

Jones, J. This is an appeal on questions of law from a judgment rendered in favor of the defendant by the Trumbull County Court of Common Pleas.

Originally, a declaratory judgment action was filed by General Accident Assurance Corporation, Ltd., after a tort action was brought against its insured, The Bruss Lumber Company, by one Barger, as plaintiff, in the Common Pleas Court of Trumbull County. The tort action was for personal injuries to himself, which he alleged in his petition were caused and brought about by an accident. It was alleged that the accident occurred while his truck was being loaded, in a negligent manner, with a sheet of plywood on The Bruss Lumber Company premises by an employee of The Bruss Lumber Company.

Motorists Mutual had in full force and effect an automobile liability policy on the truck of Barger, under the provisions of which The Bruss Lumber Company became an insured of Motorists Mutual for any liability in connection with the truck being loaded with the permission of the owner or named insured.

Upon receiving notice of the accident, General Accident, by registered mail, served notice upon Motorists Mutual to take over the investigation, settlement or defense of the claim, alleging that Motorists Mutual's insurance policy was primary. Motorists Mutual refused to take over as requested.

This court held in a prior opinion that the General Accident policy "offers general coverage for Bruss Lumber and that the Motorists Mutual policy is specific and primary coverage for Bruss."

This case appears before us a second time. However, this appeal is taken from a separate finding. Plaintiff, pursuant to Section 2721.09, Revised Code, filed a petition for further relief in the original declaratory judgment action. The relief sought was money to be paid plaintiff by defendant for the expense plaintiff was caused by reason of investigation and defense fees related to the accident; as incident to the filing of the declaratory judgment action; and for the legal expense caused by filing, etc., the petition for further relief. The trial court found for defendant and denied plaintiff's claim for further relief. It is this judgment, journalized December 30, 1964, which is now before us upon review.

Only in part do we hold with the trial court. The Declaratory Judgment Act does not provide for recovery of attorney fees and expenses incidental to suit brought under the Act. The Legislature did not intend this relief to be available to the pre-

vailing party. Only *court costs* may be awarded to the prevailing party by the court (14 Ohio Jurisprudence 2d 31, Section 35; Section 2721.11, Revised Code). Clearly, therefore, plaintiff was properly denied its claim to all expenses directly related to the declaratory judgment action.

Investigative and legal expenses expended by plaintiff in relation to the tort action present an entirely different problem. Professor Borchard limits "further relief," in connection with a declaratory judgment action, to that relief incident to enforcing the judgment itself. (Borchard on Declaratory Judgments 2d Ed. 438 *et seq.*) However, we prefer to follow Judge Kovachy's reasoning in the case of *United States Fidelity & Guaranty Co.* v. *Nationwide Mutual Ins. Co.*, 110 Ohio App. 363. At page 369, Judge Kovachy states:

"* * * primary liability lay with the defendant to assume the investigation, defense, payment of attorney fees and any judgment rendered in behalf of Ben Madvid arising out of the lawsuit filed by him. Accordingly, we conclude that the trial court was not in error in so ruling."

Defendant claims that this reimbursement relates to the expenditure of the insured and not the insurer. However, because of the premium paid and the terms of the coverage offered, the insurer has the same right to be reimbursed, if at all, as the insured. We hold that all expenses incurred by the plaintiff directly incident to the investigation and defense of the tort action are recoverable from the defendant if the expense resulted from the refusal of the insurer having primary liability to assume the investigation and defense of the tort action.

That part of the judgment denying expenses incident to the declaratory judgment action is affirmed, and that part of the judgment denying recovery for expenses incident to the tort action is set aside; and to that extent this cause is remanded for a determination of those expenses.

*Judgment accordingly.*

JOHNSON, P. J., and LYNCH, J., concur.