[This opinion has been published in *Ohio Official Reports* at 72 Ohio St.3d 157.]

MOTORISTS MUTUAL INSURANCE COMPANY, APPELLEE, *v*. BRANDENBURG ET AL., APPELLANTS.

[Cite as *Motorists Mut. Ins. Co. v. Brandenburg*, 1995-Ohio-281.]

*Civil procedure—Trial court has authority under R.C. 2721.09 to assess attorney fees based on a declaratory judgment issued by the court—Determination to grant or deny request for fees will not be disturbed, absent an abuse of discretion.*

A trial court has the authority under R.C. 2721.09 to assess attorney fees based on a declaratory judgment issued by the court. The trial court's determination to grant or deny a request for fees will not be disturbed, absent an abuse of discretion.

(No. 93-2099—Submitted February 21, 1995—Decided May 10, 1995.)

APPEAL from the Court of Appeals for Hamilton County, Nos. C-920346 and C-920347.

───────────────

{¶ 1} On July 8, 1986, appellant, Billie F. Brandenburg, was injured as a result of a multiple-vehicle chain-reaction accident involving, among others, a vehicle and its driver who left the scene without being identified. The unidentified vehicle struck a vehicle driven by Beverly A. Johnston, causing Johnston's automobile to ultimately strike appellant's vehicle. Appellant's vehicle had no physical contact with the unidentified vehicle. Appellant and his spouse, Carol Brandenburg, also an appellant herein, apparently requested but were denied coverage under a policy of insurance issued to Johnston by Johnston's insurer. Appellants eventually filed suit against Johnston in the Court of Common Pleas of Hamilton County. Additionally, appellants submitted a claim for uninsured

motorists coverage under a policy of insurance issued to Billie Brandenburg by appellee, Motorists Mutual Insurance Company ("Motorists").

{¶ 2} Motorists denied the claim on the basis that there had been no "physical contact" between appellants' vehicle and the phantom vehicle. Following appellants' request for arbitration of their claim, Motorists, on October 7, 1988, filed a declaratory judgment action seeking a determination that it was not obligated to provide coverage under the policy.

{¶ 3} Appellants filed an answer and counterclaim. In their counterclaim, appellants asserted that they were entitled to attorney fees and punitive damages as a result of the declaratory judgment action filed by Motorists. Appellants and Motorists filed cross-motions for summary judgment. Motorists also filed a motion requesting that the trial court either strike or dismiss appellants' counterclaim.

{¶ 4} The trial court granted appellants' motion for summary judgment, denied Motorists' motion for summary judgment, and concluded that appellants were entitled to coverage under the uninsured motorists provision of the policy. Subsequently, in a separate order, the trial court granted Motorists' motion to strike the counterclaim, determining that appellants would be entitled to attorney fees if they eventually prevailed on the issue of coverage.[1] The trial court's judgment regarding the issue of coverage was affirmed by the court of appeals. 67 Ohio App.3d 376, 587 N.E.2d 317. We overruled Motorists' motion to certify the record to this court. 54 Ohio St.3d 703, 561 N.E.2d 543.

{¶ 5} Upon motion, the trial court, on March 26, 1992, held that appellants were entitled to attorney fees in the amount of $10,339.15. Motorists again appealed and the court of appeals reversed the judgment of the trial court, finding that the trial court did not have the authority to award attorney fees to appellants.

---

1. According to an affidavit filed by appellants' attorney, Motorists' legal counsel represented to the trial court and assured appellants that the counterclaim was not necessary because appellants would be entitled to attorney fees if they ultimately prevailed in the declaratory judgment action.

{¶ 6} The cause is now before this court pursuant to the allowance of a motion to certify the record.

————————————

*Rendig, Fry, Kiely & Dennis*, *Joseph W. Gelwicks* and *Fern Theresa Schmitz*, for appellee.

*Katzman, Logan & Halper*, *Philip A. Logan* and *Amy Katzman*, for appellants.

*Robert P. Rutter*, urging reversal for *amicus curiae*, Ohio Academy of Trial Lawyers.

————————————

**DOUGLAS, J.**

{¶ 7} The issue in this case is whether the trial court abused its discretion in awarding attorney fees to appellants. For the reasons that follow, we find that the trial court did not abuse its discretion and, accordingly, we reverse the judgment of the court of appeals.

{¶ 8} In *Vance v. Roedersheimer* (1992), 64 Ohio St.3d 552, 556, 597 N.E.2d 153, 156, this court reaffirmed that in Ohio, an award of attorney fees must be predicated on *statutory authorization* or upon a finding of conduct which amounts to bad faith. This court has further determined that an insured may be entitled to attorney fees if an insurer wrongfully refuses to defend an insured in a negligence action. *Motorists Mut. Ins. Co. v. Trainor* (1973), 33 Ohio St.2d 41, 62 O.O.2d 402, 294 N.E.2d 874.

{¶ 9} *Trainor* involved a declaratory judgment action brought by the insurer against its insured. We stated that the action was commenced by the insurer "to serve the sole interest of the insurer and arises out of Motorists' basic unwillingness to defend a suit in which it had a clear legal duty to defend, which even Motorists ultimately acknowledged. The rationale behind allowing attorney fees to date in defending the negligence action is that the insured must be put in a position as good

as that which he would have occupied if the insurer had performed its duty. The fact that the insurer brings a declaratory judgment action after it has failed in its duty to defend should not require the insured to incur expenses which he cannot recover." *Id.* at 47, 62 O.O.2d at 405, 294 N.E.2d at 878.

{¶ 10} The court of appeals, in the case we are now considering, relied on case law from this court and other courts. The court determined that attorney fees could be granted to an insured only in instances where the insurer's conduct was "unreasonably burdensome or vexatious" or where there has been a wrongful refusal by the insurer to defend the insured. The court concluded that Motorists presented a legitimate issue in its declaratory judgment action regarding coverage and, therefore, the trial court erred in awarding attorney fees to appellants. The court of appeals declined, however, to decide whether the Declaratory Judgment Act itself, and specifically R.C. 2721.09, is a proper vehicle to grant an insured attorney fees.

{¶ 11} Appellants assert that regardless of the specific duties imposed upon an insurer and irrespective of the insurer's conduct, a trial court, as incidental to a declaration of an insurer's obligations to its insured, has the discretion under R.C. 2721.09 to permit a recovery of attorney fees by the insured. We agree with appellants.

{¶ 12} R.C. 2721.09 provides in part that:

"*Whenever necessary or proper*, further relief based on a declaratory judgment or decree previously granted may be given. The application therefor shall be by petition to a court having jurisdiction to grant the relief." (Emphasis added.)

{¶ 13} It is beyond dispute that questions concerning insurance policies are within the purview of R.C. Chapter 2721. See, *e.g.*, *Preferred Risk Ins. Co. v. Gill* (1987), 30 Ohio St.3d 108, 30 OBR 424, 507 N.E.2d 1118. R.C. 2721.09 plainly permits a trial court, following a binding judicial interpretation of an insurance

policy based upon a declaratory judgment action, to provide relief which the court deems "necessary or proper."

{¶ 14} By its clear terms, the intent of R.C. 2721.09, affording further relief in declaratory judgment actions, is to provide a trial court with the authority to enforce its declaration of right. See, also, R.C. 2721.11 (In any proceeding under the Declaratory Judgment Act a trial court "may make such award of costs as is equitable and just."). Nowhere in R.C. Chapter 2721 is there any provision which narrows the broad authority conferred by R.C. 2721.09. Moreover, R.C. 2721.09 does not place any legal significance on the insurer's conduct nor is the operation of the section conditioned on which party actually prevails in the underlying action. Rather, the only limitation placed on the trial court is that the relief must be "necessary or proper." Hence, this court should not create a blanket limitation precluding an award of attorney fees based upon conduct of a party and/or who wins or who loses. This is even more apparent given the requirement under R.C. 2721.13 that "[s]ections 2721.01 to 2721.15, inclusive, of the Revised Code are remedial, and shall be liberally construed and administered."

{¶ 15} Accordingly, we hold that a trial court has the authority under R.C. 2721.09 to assess attorney fees based on a declaratory judgment issued by the court. The trial court's determination to grant or deny a request for fees will not be disturbed, absent an abuse of discretion.

{¶ 16} In the case at bar, we believe that the trial court did not abuse its discretion in awarding attorney fees to appellants. The trial court determined, and Motorists had apparently agreed, that if appellants ultimately prevailed on the issue of coverage they would be entitled to attorney fees. It is of no consequence that Motorists presented a legitimate issue regarding coverage in the underlying declaratory judgment action. Appellants' position was equally strong as that of Motorists.

**{¶ 17}** Further, it is evident that the trial court recognized the anomalous result that may arise in these types of cases. Here, appellants were covered by an insurance policy they had purchased. They sought to have their own insurance company compensate them (pursuant to uninsured motorists coverage) for losses they incurred. Subsequent to the court of appeals' previous decision mandating coverage, the parties (appellee and appellants) apparently settled appellants' claims for $2,000. To effect this recovery, appellants were forced to retain counsel and expend at least $10,339.15. Under these circumstances, appellants would have been better off if they had been without insurance.

**{¶ 18}** For the foregoing reasons, we reverse the judgment of the court of appeals and reinstate the judgment of the trial court. Further, we remand the matter to the trial court for further proceedings it deems appropriate.

*Judgment reversed*
*and cause remanded.*

RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

MOYER, C.J., WRIGHT and COOK, JJ., dissent.

———————————

**COOK, J., dissenting.**

**{¶ 19}** As I believe that the majority is incorrect in its interpretation that R.C. 2721.09 is "statutory authority" for awarding attorney fees and there exists no other ground for allowing these fees here, I respectfully dissent.

I

**{¶ 20}** R.C. 2721.09 provides, "[w]henever necessary or proper, *further relief* based on a declaratory judgment or decree previously granted may be given. ***" (Emphasis added.) The "further relief" in this and similar declaratory judgment statutes from other states allows a court to grant consequential or incidental relief such as a money judgment, injunction, specific performance, mandamus, and accounting; relief that is remedial in nature, not punitive. See 22A

American Jurisprudence 2d (1988) 886-889, Declaratory Judgments, Sections 246 and 247. The intent of the statute affording further relief in declaratory judgment actions is to grant the trial court the power to enforce its declaration of right. *G.S.T. v. Avon Lake* (1978), 59 Ohio App.2d 84, 89, 13 O.O.3d 142, 145, 392 N.E.2d 901, 905. The benefit of the statute is the judicial economy of implementing the declaration of rights without the necessity of filing a separate action.

{¶ 21} The term "further relief" also appears in R.C. 2721.02. It reads in pertinent part: "Courts of record may declare rights, status and other legal relations whether or not *further relief* is or could be claimed." (Emphasis added.) The context in which "further relief" is used in R.C. 2721.02 supports the view that its use in R.C. 2721.09 does not relate to attorney fees.

{¶ 22} Moreover, it is difficult to argue that R.C. 2721.09 is statutory authorization for the award of attorney fees where the statute does not use the words "attorney fees"; in no less than sixty-six other sections of the Revised Code that do authorize attorney fees, those specific words appear in the statutory grant. See, *e.g.*, R.C. 101.15(E)(2)(a), 1311.311, 1513.13(E)(1), 1705.52, 2335.39, 2743.65, 2919.21(E), 3105.21(C), 3701.244(B), 3702.60(E)(4), 4101.17(B), 4549.49(A)(2), 4728.14 and 5111.32.

## II

{¶ 23} While it is true that Ohio courts have cited R.C. 2721.09 in awarding attorney fees, those decisions have not *premised* the award of these fees upon the "further relief" provision as independent authority. Rather, such awards have been supported by findings of wrongful conduct as has historically been necessary to an award of fees. *Vance v. Roedersheimer* (1992), 64 Ohio St.3d 552, 556, 597 N.E.2d 153, 156.

{¶ 24} This rule of law prohibiting the award of attorney fees in declaratory judgment actions absent bad faith, fraud, or stubbornly litigious behavior has been routinely applied by Ohio courts. The appellate court in *Gen. Acc. Assur. Corp. v.*

*Motorists Mut. Ins. Co.* (1965), 2 Ohio App.2d 234, 235-236, 31 O.O.2d 364, 365, 207 N.E.2d 670, 671, held that "[t]he Declaratory Judgment Act does not provide for recovery of attorney fees and expenses incidental to suit brought under the Act. The Legislature did not intend this relief to be available to the prevailing party. Only *court costs* may be awarded to the prevailing party by the court ***." (Emphasis *sic.*) The award of attorney fees is premised upon statutory authorization, damages for breach of contract or the fact that there has been bad faith, fraud, or stubbornly litigious behavior.

{¶ 25} Former appellate judge, now federal district court judge Sam H. Bell, in *G.S.T. v. Avon Lake*, *supra*, at 89, 13 O.O.3d at 145, 392 N.E.2d at 905, wrote, "[s]ubject to the limitation that the court must first find evidence of bad faith or fraud, or a stubborn propensity to needless litigation on the part of the defendant party, a court in its inherent power under R.C. 2721.09 may assess the opponents reasonable attorney fees and costs against him." Similarly, in *Chace v. Dorcy Internatl., Inc.* (1991), 68 Ohio App.3d 99, 114, 587 N.E.2d 442, 452, the appellate court ruled that "where an insurer resorts to delaying tactics, fails to defend and takes a litigious course of conduct that the insured hardly bargained for, the trial court has the discretion to allow expense, costs and attorney fees," citing *Motorists Mut. Ins. Co. v. Trainor* (1973), 33 Ohio St.2d 41, 62 O.O.2d 402, 294 N.E.2d 874. See, also, *Koch v. Cincinnati Ins. Co.* (Dec. 14, 1992), Clermont App. No. CA92-06-64, unreported, 1992 WL 268708 (the trial court has the inherent power under R.C. 2721.09 to assess attorney fees in a declaratory judgment action where there is evidence of bad faith or fraud or stubborn propensity towards needless litigation on the part of the defendant); *Gottlieb & Sons, Inc. v. Hanover Ins. Co.* (Apr. 21, 1994), Cuyahoga App. No. 64559, unreported, 1994 WL 144539 (the court has inherent power under R.C. 2721.09 to assess an opponent's reasonable attorney fees if the court finds that a party acted in bad faith).

**{¶ 26}** With the parties to this appeal acknowledging that the insurer's challenge to coverage was justifiable, and with courts eschewing R.C. 2721.09 as a independent ground for awarding attorney fees, the awarding of fees in this action is without legal support.

### III

**{¶ 27}** The majority's broad grant of authority for awarding attorney fees is not limited to insurance cases or even the unfair result that seems to have befallen the Brandenburgs. The syllabus of this case does not just extend the law of *Motorists Mut. Ins. Co. v. Trainor*, *supra*, to allow the recovery of fees in a declaratory judgment action where the insurer, acting in good faith, unsuccessfully challenges the insured's right to coverage. Rather, this case allows recovery of attorney fees in *any* declaratory judgment action. The only limitation is that a trial court, in its discretion, find that an award of attorney fees is necessary or proper.

**{¶ 28}** With this state of the law, I can foresee creditor/debtor contracts, labor contracts, zoning rights issues, employment rights/contract issues, all being pursued as declaratory judgment actions with the expectation of (1) having the contract construed favorably, (2) applying and receiving the further relief necessary to enforce the declaration of rights, and (3) recovering the proper further relief of attorney fees for having prevailed on the declaration of rights. Any case involving a justiciable controversy as to contracts, rights, or legal status (R.C. 2721.02 and 2721.03) now may support an award of attorney fees, subject only to the discretion of the six hundred twenty-six trial judges of this state.

### IV

**{¶ 29}** There is no debating that to deny the Brandenburgs reimbursement of their attorney fees in this case works a hardship. In practice, we know that the "American Rule" often prevents the prevailing party from "being made whole." To date, however, this rule has been accepted throughout the country as more fair, on balance, than a "loser pays" system. For instance, it is entirely possible, under the

rule adopted by the majority today,  that if the insurer had prevailed on the coverage issue, the Brandenburgs would not only be without uninsurance coverage, but also be required to pay the attorney fees of their insurer.

{¶ 30} While this majority decision may allow a just result for this case, I would not use R.C. 2721.09 to depart from the well-settled law on attorney fees, and would affirm the court of appeals.

MOYER, C.J., and WRIGHT, J., concur in the foregoing dissenting opinion.

_____