OPINION
Plaintiff-Appellant, Grace Davis ("Davis"), appeals from the judgment of the Ashtabula County Court of Common Pleas entered on December 31, 1998, denying Davis' motion for prejudgment interest on a $25,000 verdict awarded to Davis, and also denying attorney's fees. Davis had prevailed in a declaratory judgment action she brought against her insurer, Safe Auto Insurance Company ("Safe Auto"). The case was tried to a jury, and the trial court journalized the verdict in favor of Davis with a judgment entry on October 30, 1998. In a companion case, 98-A-0103, Safe Auto appealed from that judgment on two grounds. This court found both assignments of error to be without merit, and therefore, we proceed to consider Davis' instant appeal on its merits.
Davis was in an automobile accident on September 10, 1995, wherein she sustained severe injuries. She was a passenger in a car driven by Robbie Reece, which collided with a vehicle driven by John Woodworth. Both Reece and Woodworth were negligent, but, as a result of their lack of insurance, Davis sought compensation through her own insurance policy with Safe Auto.
Prior to the accident, on or about March 30, 1995, Davis contacted Safe Auto to purchase an automobile insurance policy. Davis purchased a policy, and on the application she signed two separate sections rejecting uninsured motorists liability coverage. After the accident she claimed that due to her inability to read, she did not understand that she was signing rejections of uninsured motorist coverage. In fact, she claimed she requested uninsured motorist coverage and thought she was getting it. She also testified that she was told by Safe Auto she would receive uninsured motorist coverage by signing (the rejections). After the accident, Safe Auto denied that she had coverage, relying on the signed rejections.
On January 22, 1997, Davis filed a declaratory judgment action against Safe Auto. The case was tried to a jury on October 28 and 29, 1998, on the narrow issue of whether or not Davis had expressly and knowingly rejected uninsured motorist coverage. The jury returned a verdict in favor of Davis, journalized on October 30, 1998.
On November 3, 1998, Davis filed a motion seeking prejudgment interest and attorney's fees. The court denied the motion on December 31, 1998. Davis filed a motion for reconsideration on January, 7, 1999, which was subsequently denied on January 29, 1999. From the judgment of the trial court, Davis timely filed notice of appeal citing the following error:
 "The trial court committed reversible error when it denied appellants' motion for pre-judgment interest and attorney's fees."
Davis' assignment of error encompasses two issues, prejudgment interest, and attorney's fees, which we will address separately. Initially, we note that at oral argument, Safe Auto's counsel appropriately conceded that Davis was entitled to prejudgment interest in light of the Supreme Court's decision inLandis v. Grange Mut. Ins. Co. (1998), 82 Ohio St.3d 339, discussed infra. However, because this case is to be remanded for determination of the amount due, we shall address the issue. InLandis, the Supreme Court determined that uninsured motorist claims are contract claims, as opposed to tort claims, and consequently the applicable Revised Code section is R.C.1343.03(A), as opposed to R.C. 1343.03(C). Id. at 341. The primary distinction is that under 1343.03(C) (tort claims), the party seeking prejudgment interest must make a showing that the other party failed to make a good faith effort to settle the case. In contrast, in contract claims there is no requirement that a showing of a failure to make a good faith effort to settle the case be made. Lack of good faith is not a predicate to an award of prejudgment interest pursuant to R.C. 1343.03(A). Id.
R.C. 1343.03(A) states, in pertinent part:
 "In cases * * * when money becomes due and payable upon any * * * instrument of writing, * * * the creditor is entitled to interest at the rate of ten per cent per annum * * * [unless another rate was contracted for]."
The public policy behind the award of prejudgment interest in contract claims is twofold. First, it is the proper way to fully compensate the injured party. Second, while a particular case winds its way through the courts, the party who is ultimately required to pay should not be allowed to realize a financial gain from utilization of funds which remain in its possession at the expense of the aggrieved party. Landis at 341. Davis is entitled to prejudgment interest. However, the point in time from which prejudgment interest should be calculated is a question the trial court needs to resolve.
In Landis, the court directed the trial court to determine whether the interest should be calculated from the time of the accident, from the time coverage was demanded or denied, from the time the claim was filed, or some other time. Id. at 342. The court provided no criteria for making this determination. It is a question left to the sound judgment and equitable discretion of the trial court. We would suggest the court bear in mind the public policy reasons behind the award, but also bear in mind the reasonableness, or lack thereof, of the defendant's legal position and conduct. Davis' assignment of error with respect to prejudgment interest has merit. We reverse and remand to the trial court in order that it may determine the date from which Davis is entitled to prejudgment interest, and to make the calculation of money due therefrom.
Addressing the second issue, a trial court has the authority under R.C. 2721.09 to assess attorney's fees in a declaratory judgment action decided by the court. The trial court's determination to grant or deny a request for fees will not be disturbed, absent an abuse of discretion. Motorists Mut. Ins. Co.v. Brandenburg (1995), 72 Ohio St.3d 157, syllabus. Davis makes no argument as to why she ought to be awarded attorney's fees. She simply asks for them. Nor does she make any argument explaining how the trial court abused its discretion in denying them. R.C 2721.09 authorizes the grant of further relief when it is "necessary or proper." Under the facts of this case, there has been no demonstration that it would be necessary or proper. We find Safe Auto's reliance on the signed rejection of the coverage at issue entirely reasonable. Davis herself stipulated that Safe Auto did not act in bad faith, nor do we see any evidence of such behavior. Appellant's assignment of error with respect to attorney's fees is without merit.
The judgment of the trial court is affirmed with respect to attorney's fees, reversed on the issue of prejudgment interest, and remanded for determination of the amount of prejudgment interest due, not inconsistent with this court's opinion.
 ________________________ JUDGE WILLIAM M. O'NEILL
FORD, P.J., CHRISTLEY, J., concur.