OPINION
This is an appeal from a Judgment in favor of appellee based upon an action for breach of contract for legal services incurred in defending appellant's insured in litigation.
The sole Assignment of Error is:
I.
 THE TRIAL COURT ERRED WHEN IT ENTERED JUDGMENT IN FAVOR OF PLAINTIFF-APPELLEE.
Appellant addresses its Assignment of Error by presenting six arguments:
 1. Appellee Rudy failed to introduce into the record a copy of the contract upon which his claim is based.
 2. Appellee Rudy has failed to prove that the "underlying limits are exhausted", as required by the excess policy at issue.
 3. Fees incurred prior to February 16, 2000 cannot possibly be Erie's responsibility.
 4. Fees incurred on or after February 16, 2000 are not Erie's responsibility.
5. Erie did not choose Attorney Terrence Seeberger.
6. Attorney Seeberger's bill is inadequate.
The first argument is over the failure to introduce a copy of the contract upon which the claim is based.
The Complaint alleges that appellee was insured under both a homeowners policy and an umbrella policy. Even though the Complaint incorrectly states that appellee did not posses the umbrella policy, appellee attached the homeowner's declaration page and the umbrella policy to the Complaint.
The Answer admits that appellant Erie issued certain policies of insurance to appellee (paragraph 1) and erroneously admits that the policies (plural) cover defamation when according to appellant's counsel the homeowner's policy did not provide such coverage. (paragraph 4).
While neither copy of insurance was introduced into evidence, this Court determines that the admission as to issuance of policies of insurance, together with extensive cross examination as to coverage and obligations thereunder, renders this argument lacking in merit. If there was a legitimate question as to the actual issuance of a policy containing a duty to defend, it was not brought to the trial court's attention.
An appellate court need not consider an error which a party complaining of the trial court's judgment could have called but did not call, to the trial court's attention at a time when such error could have been avoided or corrected by the trial court. State v. Williams (1977),51 Ohio St.2d 112, syllabus paragraph one.
We therefore reject this argument.
The second argument relates to the failure to exhaust the underlying limits. Since the homeowners policy was not introduced, we must rely on appellant's counsel who stated in oral argument to this Court that such policy did not provide coverage for defamation.
Since the homeowner's policy is the only policy referenced other than the umbrella policy, and no coverage as to defamation is therein provided, there would be no coverage amount to exhaust. Accordingly this argument is specious and not well taken.
The third argument relates to fees occurring prior to February 16, 2000, the date of filing of the Amended Complaint in the Sabbato suit which added appellee to such action and the fourth argument applies to post February 16, 2000 services.
This Court will generally not disturb a trial court's determination to grant attorney fees absent an abuse of discretion. Motorist Mut. Ins.Co. v. Brandenburg (1995), 72 Ohio St.3d 157.
In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983),5 Ohio St.3d 217. We must look at the totality of the circumstances in the case sub judice and determine whether the trial court acted unreasonably, arbitrarily or unconscionably.
Even though practical sense would dictate that pre-suit depositions apparently targeting appellee might warrant Erie's counsel's participation, the duty to defend arising under the umbrella policy arose only after the amended complaint and also would not apply under such policy to legal services relating to coverage questions, unless such involved the duty to defend.
Upon review of the record in this matter, we find an abuse of discretion in including these services in the Judgment from which the appeal is taken, as such was an arbitrary conclusion, and remand same for a determination as to services rendered directly relating to the defense of the Sabbato suit subsequent to February 16, 2000.
We do not question the trial court's determination that services rendered by Mr. Seeberger subsequent to February 16, 2000 clearly relating to defending appellee not only were necessitated by the lack of diligence by appellant in providing a defense but also that such services were of benefit to appellant. No abuse of discretion arose as to Judgment on these services, although it is unclear from the testimony as to whether the subject matter of the billed conversations were applicable to defending appellee.
This resolves the third and fourth arguments.
As to the fifth argument, while there is no question that Attorney Seeberger was not chosen by appellant, the trial court's Judgment, by necessity, found a breach of contract in failing to provide a timely defense. This argument is overruled.
The sixth argument need not be addressed as the remand for an evidentiary determination as to the fees for chargeable services will require appropriate evidence.
This cause is reversed and remanded as to the amount of the Judgment and for a determination as to the defense related legal services provided subsequent to February 16, 2000, but not as to the determination of breach of contract nor liability arising therefrom.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Massillon Municipal Court, Stark County, Ohio is affirmed in part, reversed in part and remanded.
Costs to Appellant.
Hon. Julie A. Edwards, P.J., Hon. Sheila G. Farmer, J., Hon. John F. Boggins, J., concur.