DECISION
Plaintiff-appellant, Nancy A. Smith, appeals from an entry, dated October 11, 2001, by which the Franklin County Court of Common Pleas (1) overruled as moot appellant's motion for class certification, and (2) overruled appellant's motion for award of attorney fees for creation of a common fund.
For purposes of this appeal, the relevant facts are as follows. Appellant and other former Ohio public school teachers ("plaintiffs") filed this purported class action lawsuit in 1995. Plaintiffs alleged that defendants-appellees, State Teachers Retirement Board and the State Teacher's Retirement System of Ohio (collectively, "STRS"), were miscalculating monthly retirement benefits for a certain class of STRS participants.
A bench trial ensued and, by judgment entered on June 20, 1997, the trial court dismissed plaintiffs' substantive claims and denied their motion for class certification. In Smith v. State Teachers Retirement Bd. (Feb. 5, 1998), Franklin App. No. 97APE07-943 ("Smith I"), this court reversed in part and remanded the matter for further proceedings regarding plaintiffs' claim that STRS was improperly computing the cost of living allowance benefit. This court, however, expressly affirmed the trial court's denial of plaintiffs' motion for class certification. The trial court entered final judgment on the substantive claims on August 7, 2000. The judgment entry stated that STRS "does not have statutory authority to fund the cost-of-living allowance (`COLA') granted in O.R.C. Section 3307.403 by deducting the present value of the COLA benefit from the balance that is credited to a member's account in the teachers' savings fund." The entry further instructed STRS to "implement this judgment and apply it consistently to all STRS members and beneficiaries."
Appellant contends that STRS did not implement the proper formula for calculating retirement benefits until July 1, 1999, and that, even then, STRS did not recalculate benefits for appellant or similarly situated retirees who had retired after the implementation of the improper COLA deduction but before the calculation was corrected in July 1999. On October 19, 2000, appellant filed a motion to show cause why STRS should not be held in contempt for failing to recalculate benefits. On August 14, 2001, the trial court granted appellant's motion and ordered STRS to recalculate the monthly benefit for appellant pursuant to the court's August 7, 2000 judgment entry.
While the motion to show cause was pending, on July 23, 2001, appellant filed another motion for certification of a class action or, in the alternative, for an award of attorney fees based upon the alleged "common fund" created for the benefit of similarly situated retirees. The trial court overruled this motion on October 11, 2001, prompting this appeal.
Appellant asserts the following assignments of error:
"ASSIGNMENT OF ERROR #1
"This court should reverse the trial court's denial of plaintiff/appellant's motion to certify the proposed class in order to ensure compliance with this court's 1998 decision and to permit counsel to recover fees and expenses incurred over the six years of litigation which effort undeniably resulted in the reversal of the `COLA['] deduction.
"ASSIGNMENT OF ERROR #2
"Even without a certification of the class, the `common fund' doctrine supports an award of attorney fees and expenses for those who's efforts created a substantial benefit for the seventeen thousand members of the putative class who's COLA benefits were restored as the result of the Smith litigation."
By her first assignment of error, appellant contends that the trial court erred by denying as moot appellant's renewed motion to certify this lawsuit as a class action.
In Baughman v. State Farm Mut. Auto. Ins. Co. (2000), 88 Ohio St.3d 480,483, the Ohio Supreme Court reaffirmed that "a trial judge has broad discretion in determining whether a class action may be maintained and that determination will not be disturbed absent a showing of an abuse of discretion." An abuse of discretion connotes more than an error of law or judgment; it implies that the attitude on the part of the trial court was unreasonable, arbitrary, or unconscionable. Beder v. Cleveland Browns, Inc. (1998), 129 Ohio App.3d 188, 200. The trial court's decision regarding the certification of a class should not be reversed on appeal because the appellate judges would have decided the issue differently had the initial determination been in their hands. Hamilton v. Ohio Sav. Bank (1998), 82 Ohio St.3d 67, 70.
By its entry filed on June 20, 1997, the trial court denied plaintiffs' motion to certify a class. In the wake of that decision, plaintiffs appealed to this court. In Smith I, plaintiffs assigned the following error:
"The trial court erred in denying appellants' motion to certify their proposed class of former Ohio public school teachers whose benefits are calculated under the `money purchase' formula of the STRS."
A different panel of this court overruled the assignment of error, concluding that the trial court had not abused its discretion in denying the motion for class certification. Id. Appellant did not further appeal to the Ohio Supreme Court.
Although appellant now argues that class certification would better ensure that STRS would properly recalculate benefits of similarly situated retirees, appellant has not alleged that the underlying facts with regard to the issue of class certification have changed. Moreover, the trial court entered judgment on the substantive claims on August 7, 2001. Under these circumstances, we cannot conclude that the trial court abused its discretion when it denied as moot appellant's second motion for class certification. Accordingly, we overrule appellant's first assignment of error.
By her second assignment of error, appellant contends that the trial court erred by failing to award attorney fees and expenses on behalf of the 17,000 members of the putative class. Appellant argues that the trial court should have applied the common fund doctrine and awarded attorney fees out of the stream of increased future payments that will be awarded to retirees as a consequence of the efforts of appellant's attorneys.
An award of attorney fees is a matter within the sound discretion of the trial court. Layne v. Layne (1992), 83 Ohio App.3d 559, 568. Thus, an award for attorneys fees will not be overturned on appeal absent an abuse of discretion. Motorists Mut. Ins. Co. v. Bradenburg (1995),72 Ohio St.3d 157, 160. A reviewing court will not disturb the judgment unless it reflects an arbitrary, unreasonable or unconscionable attitude. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. We conclude that the trial court did not abuse its discretion when it declined to award attorney fees pursuant to the common fund doctrine.
The common fund doctrine is the exception to the general American rule that, absent statutory authority, a prevailing party may not recover attorney fees as part of the cost of litigation. Rocca v. Wilke (1977),53 Ohio App.2d 8, 17. The doctrine, first enunciated in Trustees v. Greenough (1881), 105 U.S. 527, 537, provides that one who recovers a common fund for the benefit of others than himself should be entitled to payment for attorney fees from the fund on the theory that those benefited by the fund would otherwise be unjustly enriched. In discussing this doctrine, the Ohio Supreme Court stated as follows in Smith v. Kroeger (1941), 138 Ohio St.3d 508, 514-515:
"* * * `The general rule is that a court of equity, or a court in the exercise of equitable jurisdiction, will in its discretion order an allowance of counsel fees, or, as it is sometimes said, allow costs as between solicitor and client, and sometimes directly to the attorney who, at his own expense, has maintained a successful suit for the preservation, protection, and increase of a common fund or common property, or who has created at his own expense, or brought into a court a fund in which others may share with him.' "
While appellant's efforts changed the formula for calculating benefits and, therefore, increased the stream of future payments for other retirees, it did not create a common fund. Appellant will be the only party to benefit from the recalculation of her retirement benefits; others will not share in her benefits. Moreover, appellant does not contend that she is obligated to pay attorney fees contingent upon the increased benefits to other retirees. Although appellant's attorneys may collect less than they would like for their services, other retirees will not be unjustly enriched at appellant's expense. Accordingly, the doctrine is not applicable. See Seven Hills v. Cleveland (1988), 47 Ohio App.3d 159,164 (noting that if the outcome of the case does not result in the creation of a common fund, the case does not fall within the purview of the common fund doctrine); Sutherland v. Nationwide Gen. Ins. Co. (1995), 102 Ohio App.3d 297, 301 (declining to extend the doctrine to circumstances where a plaintiff's efforts bestow a common benefit for others). We overrule appellant's second assignment of error.
For the foregoing reasons, appellant's first and second assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
LAZARUS and HARSHA, JJ., concur.
HARSHA, J., of the Fourth Appellate District, sitting by assignment in the Tenth Appellate District.