DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Colelli Associates, Inc., appeals from the decision of the Wayne County Court of Common Pleas which denied various motions of Appellant and denied Appellant further relief on its original claim. We affirm.
 {¶ 2} As noted by the trial court, this case has a "long and tortuous history" which began with Appellant's production of a product containing red toluene sometime in 1994. The red toluene product sold by Appellant to oil refineries was contaminated with silicones, which allegedly damaged certain oil refinery equipment and contaminated the crude oil passing through those refineries. Appellant stopped distributing the red toluene product in 1995 after receiving complaints regarding the silicones.
 {¶ 3} On September 7, 1995, Pennzoil Products Company ("Pennzoil") filed the first lawsuit alleging damages caused by Appellant's contaminated product. Multiple suits regarding Appellant's red toluene product eventually followed. Appellant promptly notified Appellee, Cincinnati Insurance Company, its insurance company, of the original suit, requesting that Appellee defend and indemnify Appellant under its insurance contract.
 {¶ 4} Appellee refused, filing the case at bar on November 21, 1995, seeking a declaratory judgment as to whether it had a duty to defend and indemnify Appellant under the insurance contract. Appellant filed an answer and a single counterclaim requesting a declaratory judgment that Appellee had a duty to defend all claims alleging damage from the red toluene product. Appellant further requested the court to award it "costs in defending and prosecuting this action as [Appellee] is not entitled to the relief requested and due to the fact that it has willfully violated its policy of insurance[.]" Appellant, however, in no way pleaded a bad faith or breach of contract counterclaim.
 {¶ 5} Following extensive proceedings, the court granted Appellant summary judgment finding that Appellee had a duty to defend the suits on behalf of Appellant under the insurance contract. The court also denied Appellee's motion for summary judgment, and granted partial summary judgment to Appellant on the indemnification issue relating to three allegedly applicable exclusions in the policy. In addition, the court awarded Appellant $124,683.75 plus interest in attorney's fees based on the duty to defend. Appellee began providing a defense to Appellant in the oil refinery cases soon thereafter, but appealed the trial court's decision on the duty to defend and accompanying attorney's fees.
 {¶ 6} Eventually, Appellant settled all current claims with the damaged oil refineries prior to the scheduled June 1999 trial on the remaining indemnification issue in this case. As to the appeal, the Supreme Court of Ohio found in 2002 that Appellee did have a duty to defend Appellant. See Cincinnati Ins. Co. v.Colelli Assoc., Inc., 95 Ohio St.3d 325, 2002-Ohio-2214. Following the Supreme Court's determination, Appellee satisfied the judgment for attorney's fees and interest on July 25, 2002.
 {¶ 7} Nearly eight months of silence followed the satisfaction of judgment. During that time period, a separate trial court in another Ohio county determined that any claims of breach of contract or bad faith by Appellant in that court were compulsory counterclaims which needed to be brought along with the original declaratory judgment action in this court. Accordingly, that court denied Appellant's claim for direct and proximate damages sustained due to the bad faith refusal of Appellee to defend the red toluene suits. Following this decision by that separate trial court, Appellant filed two motions in this case: a "Motion to Set Hearing on Issue of Damages Requested in Counterclaim" and a "Motion/Petition for Further Relief." Appellant insisted that it was due additional compensatory damages resulting from Appellee's willful failure to defend in the face of a clear duty and attorney's fees incurred during the multiple appeals following the original determination as to attorney's fees.
 {¶ 8} Following extensive briefing and a hearing on the matter, the court, in December 2003, found that Appellant failed to request relief beyond (1) a declaratory judgment as to Appellee's duty to defend and indemnify and (2) an award of attorney's fees incurred. The court further found that the statute permitting an award of attorney's fees in a declaratory judgment action was amended on September 24, 1999, and prohibited the court from awarding any further fees in this matter. Appellant timely appealed this determination and raises two assignments of error for our review.
 ASSIGNMENT OF ERROR I
"The trial court erred and/or abused its discretion in holding that it did not have discretion to award reasonable attorneys fee [sic.] in this matter."
 {¶ 9} In its first assignment of error, Appellant argues that the trial court erred in finding that R.C. 2721.16 prohibited an award of attorney's fees in this case. Specifically, Appellant asserts that R.C. 2721.16 prohibits such an award only where the right to attorney's fees had not yet vested prior to the effective date of the statute. Appellant further insists that its right to attorney's fees vested on April 9, 1999, prior to the September 24, 1999, effective date thus rendering the statute inapplicable to this case. We disagree.
 {¶ 10} A trial court formerly had the authority to award attorney's fees in declaratory judgment actions. See MotoristMut. Ins. Co. v. Brandenburg (1995), 72 Ohio St.3d 157. Following this decision, however, the legislature amended R.C.2721.16(A)(1) to prohibit an award of attorney's fees in a declaratory judgment action in all but a few specific situations. See Jewett v. Owners Ins. Co., 5th Dist. No. 01 CA 38, 2002-Ohio-1282, at ¶ 23. The prohibition applies to all cases that were commenced prior to September 24, 1999, seeking declaratory relief which remained pending in a court on that date. R.C. 2721.16(B)(2).
 {¶ 11} Appellant argues that the statute does not apply in this case because it no longer was "seeking declaratory relief" as of September 24, 1999, but had already effectively sought such relief. Such a construction is mere sophistry and does not avail Appellant. A final determination as to Appellee's duty to defend was not rendered until 2002. As such, even if Appellant's assertion regarding the plain language of the statute might be construed as correct, Appellant was still seeking declaratory relief following the September 24, 1999, effective date and the new statute applies.
 {¶ 12} Appellant further states that its right to attorney's fees vested prior to the effective date of the statute, and that it should therefore be permitted to recover attorney's fees incurred during the lengthy appeals process. Again, we note that a final determination as to Appellee's duty to defend was not entered until 2002. As such, Appellant had no additional vested right to attorney's fees incurred following the original judgment entry awarding attorney's fees.
 {¶ 13} We overrule Appellant's first assignment of error.
 ASSIGNMENT OF ERROR II
"The trial court erred and/or abused its discretion in holding that [Appellant] did not request damages in its counterclaim."
 {¶ 14} In its second assignment of error, Appellant asserts that the trial court erred in finding that Appellant did not request damages in conjunction with its counterclaim. Appellant contends that general language requesting "any and all relief this Court deems just and proper" should be enough to put Appellee on notice that Appellant was seeking compensatory damages. Appellant further alleges that it should be awarded compensatory damages due to the bad faith refusal to defend by Appellee in this case. We disagree.
 {¶ 15} Civ.R. 8(A) requires a pleading to contain "a short and plain statement of the claim showing that the party is entitled to relief, and * * * a demand for judgment for the relief to which the party claims to be entitled." Furthermore, "[a]ll pleadings shall be construed to do substantial justice." Civ.R. 8(F). In this particular case, Appellant's counterclaim laid out the required elements to support a declaratory judgment regarding the duty to defend and duty to indemnify. Appellant, in no way, ever pleaded the facts necessary to support a bad faith or breach of contract claim, and never amended its pleading to do so. Appellant's claims related to any damages stemming from a bad faith or breach of contract claim, therefore, are improper.
 {¶ 16} The entire crux of Appellant's counterclaim was that "Appellee [had] an obligation to defend and afford coverage to the claims brought by Pennzoil and any and all other claims which may arise or have arisen" in connection with the sale and use of the contaminated red toluene product. Appellant never alleged that it suffered any compensatory damages in conjunction with the failure to defend and indemnify. Appellant argues that its prayer for relief asserted a claim for compensatory damages. Appellant's prayer requested only the following relief:
"(A) that [Appellee] be ordered to defend and afford insurance coverage under its policy of insurance with [Appellant] on any and all pending claims brought by Pennzoil and/or other parties which are more fully defined in [Appellee's] Complaint, and that [Appellee] be ordered to pay any judgment or settlement of the aforementioned claims, and; (B) that [Appellant] be awarded its costs in defending and prosecuting this action as [Appellee] is not entitled to the relief requested and due to the fact that it has willfully violated its policy of insurance in effect between the parties, and; (C) that [Appellant] be awarded any and all other relief that this Court deems just and proper."
 {¶ 17} Appellant apparently would like this Court to find that it made a claim for compensatory damages by requesting "any and all other relief that this Court deems just and proper." We are unwilling to do so. Such a blanket statement for relief in no way afforded notice to Appellee of a claim for damages stemming from the refusal to defend and indemnify. Appellant specifically requested only a declaratory judgment and costs, both of which were granted to it. All pending claims made by Appellant have been decided. Like the trial court, we will not now permit Appellant to "bootstrap a claim for `any and all relief that this court deems just and proper' into a claim and demand for monetary damages." Accordingly, we overrule Appellant's second assignment of error.
 {¶ 18} We overrule Appellant's assignments of error and affirm the judgment of the Wayne County Court of Common Pleas.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Batchelder, J., Boyle, J., concur.