File Name: 06a0567n.06

Filed: August 7, 2006

**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

**No. 05-3917**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| B-T DISSOLUTION, INC., | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| v. | ) | SOUTHERN DISTRICT OF OHIO |
| | ) | |
| PROVIDENT LIFE AND ACCIDENT | ) | |
| INSURANCE COMPANY, INC., | ) | O P I N I O N |
| | ) | |
| Defendant-Appellee. | ) | |
| | ) | |
| _____ | ) | |

Before: GILMAN and COOK, Circuit Judges; DOWD, Senior District Judge.[*]

**Dowd, J., Senior District Judge.** This case marks the second time the coverage dispute between the insured (B-T Dissolution, Inc.) and the insurer (Provident Life and Accident Insurance Company, Inc.) has been before this court.

On the first occasion, this court affirmed the district court's judgment awarding payment of benefits to the insured in the sum of $499,980.00 plus pre-judgment interest.[1] The second appeal

---

[*]The Honorable David D. Dowd, Jr., United States District Judge for the Northern District of Ohio, sitting by designation.

[1]The per curiam decision on the breach of contract issue described the claim and the district court's ruling as follows:

addresses the narrow question of whether the insured is entitled to an award of attorney fees for the successful prosecution of the claim for coverage. In an effort to recover the attorney fees, the insured also alleged that the rejection of coverage was anchored in bad faith; however, the district court, in awarding coverage, ruled that the insured had failed to establish bad faith in the rejection of coverage.

The bad faith rejection was also addressed in the insured's cross appeal when the case was first considered by this court, and the district court's finding of no bad faith was affirmed.[2]

During the second phase of this litigation before the district court on the sole issue of attorney fees, the district court conducted oral argument on the issue and held that, in the absence

---

Provident issued a disability insurance policy to B-T insuring Steven S. Matthews ("Matthews"), an employee of B-T. B-T and Matthews had a buy-sell agreement by which B-T would purchase the shares of B-T owned by Matthews if Matthews became totally disabled. B-T's insurance policy with Provident provided a payout to B-T to cover such a purchase.

B-T and Matthews applied for the policy in 1994, and Provident issued the policy, which became effective on April 1, 1994. The district court found that Matthews became disabled on October 31, 1994. Matthews' disability was caused by a psychological impairment that Matthews' treating physician diagnosed as "panic disorder and specific phobia of returning to work." Matthews resigned from B-T on January 25, 1995, triggering his buy-sell agreement with B-T. B-T filed a claim with Provident on April 15, 1994, seeking indemnification under the policy for the buy-out of Matthews' shares. Provident denied liability and coverage under the policy on October 14, 1997. B-T then brought this proceeding seeking recovery under the policy plus damages for bad faith on the part of Provident in declining payment under the policy. The district court, in a bench trial, rejected Provident's defenses to liability and coverage under the policy and <u>thereafter granted summary judgment rejecting B-T's claim to damages for bad faith in the handling of the claim</u>.

*B-T Dissolution, Inc. v. Provident Life and Accident Insurance Company*, 123 Fed. Appx. 159, 160-61 (6th Cir. 2004) (per curiam) (emphasis added).

[2]See the underlined phrase in note 1, *supra*.

of a bad faith rejection of coverage, under Ohio law the insured was not entitled to recover attorney fees. The insured now challenges that holding on two alternative grounds.

First, the insured contends that, under prevailing Ohio law, it is entitled to recover its attorney fees for successfully establishing coverage. In support of that ground, the insured cites *Motorists Mut. Ins. Co. v. Trainor,* 294 N.E.2d 874 (Ohio 1973); Richard M. Markus, *Trial Handbook for Ohio Lawyers*, § 34.21 (West Group, 2002 Ed.); and Paul A. Rose and Lisa S. Del Grosso, *The Art of Litigation,* Cleveland Bar Journal Oct. 2000, at 20. We find that the insured's reliance on the three citations is misplaced. The decision in *Trainor* was limited to the obligation of the insurer to provide a defense to its insured when the insured was the subject of a third-party suit claiming damages against the insured. The cited provision in the *Trial Handbook for Ohio Lawyers*, written by the highly respected jurist and former litigator, Richard Markus, is limited to a discussion of attorney fees in shareholder derivative actions and is silent on the issue of attorney fees for breach of contract cases involving insurance. The article on the *Art of Litigation*, at p. 21, refers to the dissent of Justice Cook in *Motorist Mut. Ins. Co. v. Brandenburg*, 648 N.E.2d 488 (Ohio 1995), and includes a statement attributed to Justice Cook:

> Significantly, Justice Cook, in that case [i.e., *Brandenburg*], recognized that attorneys' fees were appropriately awardable to policyholders on alternative bases, such as they were "premised upon . . . damages for breach of contract . . . ."

Continuing, the article states: "She [i.e., Justice Cook] discussed, without criticism, the *Trainor* case, in which the Ohio Supreme Court had awarded attorneys' fees to a policyholder in a breach-of-contract action, *Brandenburg*, 72 Ohio St. 3d. at 162-163." The reference to Justice Cook's dissent is inaccurate. Then Justice Cook (now Judge Cook, a member of this panel), did not declare in her

3

*Brandenburg* dissent that *Trainor* awarded attorney fees to a policyholder in a breach of contract action.

As an alternative to this first argument, the insured also argues that, if there is a void in Ohio law on the issue of attorney fees in  a coverage case where there is no finding of bad faith, the district court erred in failing to determine how the Ohio Supreme Court would rule in absence of precedent.  We disagree.  We find no such void in the pronouncements of the Ohio Supreme Court.

Initially, we observe that the *Trainor* decision, in dicta, referred to *Gates v. Toledo*, 48 N.E. 500 (Ohio 1897), for the proposition that attorney fees are denied when the action is for breach of contract.[3]  *Trainor*, 294 N.E.2d at 878.  Next we note that the extensive discussion in *Hoskins v. Aetna Life Ins. Co.,* 452 N.E.2d 1315, 1319-22 (Ohio 1983), was anchored in the predicate that an action for punitive damages against the insurance company for failing to pay a claim required proof of bad faith.  While the issue was whether punitive damages were recoverable for denying coverage, the rationale of *Hoskins* applies to the claim for attorney fees in contesting the denial of coverage. Ohio appellate courts have followed the teachings of *Gates* and *Hoskins*.  *See e.g.*, *Gen. Accident*

---

[3]In *Gates*, Justice Spear, writing for the Ohio Supreme Court on the issue of the assessment of attorney fees, stated:

> But it is believed that the policy of this state has been, and the understanding generally among bench and bar is, that such damages are not recoverable for the breach of simple contracts, not involving tort, even though there has been an express agreement as to the validity of the thing in controversy.  Transactions in the business world have been conducted upon this understanding, and it would seem that, if the rule of damages is to be enlarged, it should be done by the lawmaking power, and thus be made to apply to future, and not to past, transactions.

48 N.E. at 502.

*Ins. Co. v. Ins. Co. of N. Am.*, 629 N.E.2d 1373 (Ohio Ct. App. 1993); *Turner Const. Co. v. Commercial Union Ins. Co.*, 492 N.E.2d 836 (Ohio Ct. App. 1985).[4]

The action in this case presented the issue of whether the insurance company was required under its policy to pay benefits to the insured. The fact that the losing party in the breach of contract action was an insurance company does not change the present state of the law in Ohio. Nor does the fact that other states have adopted a different posture on breach of contract actions involving insurance companies justify this court's changing the existing law in Ohio. Our mandate under *Erie R.R. v. Tompkins*, 304 U.S. 64 (1938), leads to the inevitable decision that, under prevailing Ohio law, the insured is not entitled to recover attorney fees when it is successful in a suit against its insurance company for payments under the terms of the policy, absent a finding of bad faith in the denial of coverage.

Judgment AFFIRMED.

---

[4] *Brandenburg* resulted in a decision that Ohio's statutory provision, Ohio Rev. Code § 2721.09, provided for a grant of attorney fees in a declaratory judgment action on the issue of coverage for uninsured motorists coverage. The rationale underlying *Brandenburg* has no bearing on our decision. Moreover, the decision in *Brandenburg* led to an amendment of Ohio statutory law, *see* Ohio Rev. Code § 2721.16 (effective September 24, 1999), so the teachings of *Brandenburg* no longer apply.