JEWETT ET AL., APPELLEES, *v.* OWNERS INSURANCE
COMPANY ET AL., APPELLANTS.

[Cite as *Jewett v. Owners Ins. Co.* (1998), 82 Ohio St.3d 1224.]

(No. 97–2282—Submitted June 24, 1998—Decided July 22, 1998.)

*Plymale & Associates* and *Andrew W. Cecil,* for appellees.

*Mazanec, Raskin & Ryder Co., L.P.A.,* and *Edwin J. Hollern,* for appellants.

---

The appeal is dismissed, *sua sponte,* as having been improvidently allowed.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

COOK and LUNDBERG STRATTON, JJ., dissent.

---

COOK, **J., dissenting.** I respectfully dissent from the decision to dismiss this case as improvidently allowed. This decision is inconsistent with the majority opinion rendered in *Ross v. Farmers Ins. Group of Cos.* (1998), 82 Ohio St.3d 281, 695 N.E.2d 732, and today's decision to order briefing in *Hillyer v. Great Am. Ins. Co.* (1998), 82 Ohio St.3d 1224, 696 N.E.2d 598. For the sake of consistency, we should set this case for briefing on the *Ross* issue as we have done in *Hillyer.*

We held this case for *Ross* on the issue of whether to apply the current version of R.C. 3937.18, or the former version of that statute as interpreted in *Savoie v. Grange Mut. Ins. Co.* (1993), 67 Ohio St.3d 500, 620 N.E.2d 809. Although the potentially applicable divisions of former and current R.C. 3937.18 are different in the two cases, the core legal issue is the same—what version of R.C. 3937.18 applies? Despite holding in *Ross* that the date of contracting determines which version of R.C. 3937.18 applies, the majority nevertheless lets stand the *Jewett* court's ruling, applying the law in effect on the accident date. I believe that the parties to this case should have the same opportunity given the *Hillyer* litigants to argue whether the rule in *Ross* also controls their situation and, if not, what rule should control. Therefore, I must respectfully dissent.

LUNDBERG STRATTON, J., concurs in the foregoing dissenting opinion.