OPINION
Owners Insurance Company ("Owners") appeals the decision of the Licking County Court of Common Pleas that granted Appellee Gregory Jewett's request for declaratory relief awarding attorney's fees and prejudgment interest. The following facts give rise to this appeal.
The accident giving rise to this lawsuit occurred on August 7, 1994, near Billings, Montana. The accident occurred when Wanda Jewett fell asleep while driving the family's minivan. The van rolled and her husband, Robert Jewett, a passenger in the front seat, died as a result of the injuries he sustained in the accident. On the date of the accident, Owners insured Wanda and Robert Jewett. The policy of insurance contained split limits of liability and UM/UIM coverages in the amounts of $100,000 per person and $300,000 per occurrence. Their emancipated adult son was also insured by Owners with single limit coverage in the amount of $300,000.
On July 30, 1996, appellee filed a declaratory judgment action against Owners seeking a determination of the scope of insurance coverage. The trial court determined that the full limits of both policies were at risk. We affirmed the trial court's decision on September 29, 1997.[1]
Owners appealed to the Ohio Supreme Court. The Court accepted jurisdiction but subsequently dismissed the appeal as being improvidently allowed.[2] Thereafter, pursuant to language contained in the policy, an arbitration was conducted on May 11, 1999. The arbitrators returned an award, in favor of appellee, in the amount of $197,645.06. Since Owners previously tendered $100,000 to appellee, it offset the arbitration award by that amount and issued payment in the amount of $97,645.06.
On July 16, 1999, appellee filed a new complaint seeking an order confirming the arbitration award. The complaint also asserted claims for prejudgment interest and attorney's fees. Owners filed a motion for summary judgment and appellee filed a cross-motion for summary judgment. On March 2, 2000, the trial court granted appellee's motion for summary judgment and confirmed the award of the arbitrators and granted appellee's request for prejudgment interest, from the date of the accident, and awarded attorney's fees. However, in awarding attorney's fees, the trial court did not award a specific amount.Owners filed a notice of appeal on March 28, 2000. Appellee filed a motion to dismiss citing lack of appellate jurisdiction. We granted the motion to dismiss on May 17, 2000, finding we lacked jurisdiction because the trial court did not rule on the amount of attorney's fees that were to be awarded. On February 23, 2001, the trial court issued a judgment entry in which it awarded attorney's fees, to appellee, in the amount of $31,591.69. Owners appeals and sets forth the following assignments of error for our consideration:
 I. THE TRIAL COURT ABUSED ITS DISCRETION IN GRANTING ATTORNEY'S FEES TO PLAINTIFFS-APPELLEES BECAUSE R.C. 2721.16 SPECIFICALLY PROHIBITED SUCH AN AWARD.
 II. THE TRIAL COURT ERRED IN THE METHOD OF CALCULATING THE ATTORNEY'S FEES AWARDED TO PLAINTIFFS/APPELLEES.
 III. THE TRIAL COURT ERRED IN GRANTING PRE-JUDGMENT INTEREST BECAUSE THE CONTRACT BETWEEN THE PARTIES EXPRESSLY RECOGNIZES THAT NO MONEY IS DUE AND PAYABLE UNTIL ANY DISPUTE WAS ARBITRATED.
 IV. THE TRIAL COURT'S DECISION VIOLATES THE CONTRACT CLAUSES OF THE UNITED STATES CONSTITUTION AND THE OHIO CONSTITUTION.
 I
In its First Assignment of Error, Owners contends the trial court abused its discretion in granting attorney's fees to appellee because R.C. 2721.16 specifically prohibits such an award. We agree.
A trial court's determination to grant or deny a request for attorney's fees will not be disturbed on appeal absent an abuse of discretion.Motorists Mut. Ins. Co. v. Brandenburg (1995), 72 Ohio St.3d 157, 160. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. It is based upon this standard that we review Owner's First Assignment of Error.
On September 24, 1999, H.B. 58 became effective. The bill, codified in R.C. 2721.16, prohibits the award of attorney's fees on a claim for declaratory judgment except where the Revised Code explicitly authorizes such an award or where attorney's fees is authorized by R.C. 2323.51, the Civil Rules, or by an award of punitive or exemplary damages against the party ordered to pay attorney's fees. Section 3(A) of the legislative history of this statue indicates that its purpose is "[t]o supersede the effect of the holding in Motorists Mut. Ins. Co. v. Brandenburg (1995),72 Ohio St.3d 157, and in its progeny, including Landis v. Grange Mut.Ins. Co. (1998), 82 Ohio St.3d 339, * * *."
In the Motorists Mut. Ins. Co. case, the Ohio Supreme Court held that "a trial court has the authority under R.C. 2721.09 to assess attorney fees based on a declaratory judgment issued by the court. The trial court's determination to grant or deny a request for fees will not be disturbed, absent an abuse of discretion." Id. at syllabus. Appellee argued, in the trial court, that the Brandenburg case was the applicable law because declaratory relief was granted to them on July 30, 1999, months before the effective date of R.C. 2721.16. The trial court agreed with appellee's argument and concluded that "[b]ecause declaratory relief in this matter was granted prior to the date revised R.C. 2821.16 became effective, and because the revised statute is remedial in nature and must be applied prospectively, this Court agrees with [appellee], and finds amended R.C. 2721.16 inapplicable to this matter." Judgment Entry, Mar. 2, 2000, at 7.
In finding the trial court abused its discretion in awarding attorney's fees, we first conclude that the declaratory relief at issue in this case was not granted prior to the date revised R.C. 2821.16 became effective. The declaratory relief the trial court refers to is the judgment rendered by the trial court in case number 96CV377 wherein it determined that coverage was available over and above the amount paid by Owners under both policies. The issue before us now involves a subsequent declaratory action filed by appellee, on July 16, 1999, prior to the effective date of R.C. 2721.16 and which remained pending before the trial court on the effective date of the statute. It is in this subsequent declaratory action in which appellee seeks, for the first time, attorney's fees and prejudgment interest.R.C. 2721.16 clearly provides that division (A) of the statute, prohibiting the award of attorney's fees in a claim for declaratory relief except in certain authorized exceptions, applies to the following:
* * *
 (B)(2) An action or proceeding that was commenced prior to the effective date of this section, that is pending in a court of record on that date, and that seeks declaratory relief under this chapter.
As noted above, appellee's declaratory claim in which attorney's fees were requested was pending on the effective date of R.C. 2721.16. Thus, pursuant to the statute, appellee is not entitled to recover attorney's fees.
Owners also maintains that because the statute is remedial, it may be applied retroactively. In support of this argument, Owners cites the case of Horstman v. Cincinnati Ins. Co. (Nov. 17, 2000), Montgomery App. No. 18430, unreported, wherein the Second District Court of Appeals held that because R.C. 2721.16 is remedial in nature, the new statute applied to the pending declaratory judgment action, even though the claim was first brought before the effective date of the amendment. The court stated as follows:
 A purely remedial statute does not violate the Ohio Constitution even if it is applied retroactively. Bielat v. Bielat (2000), 87 Ohio St.3d 350 * * *. Remedial statutes are those that `merely substitute a new or more appropriate remedy for the enforcement of an existing right.' Id.
* * *
 The express terms of R.C. 2721.16 state that `the provisions of this section is [sic] remedial in nature.'
* * *
 Based on this express legislative intent, the Court must find R.C. 2721.16 is remedial in nature. Id. at 6.
We agree with the Second District's analysis. Further, in the recent case of German v. Wray (Aug. 15, 2001), Richland App. No. 01 CA 2-2, unreported, we concluded that a trial court properly denied a request for attorney's fees because the Brandenburg case was superseded by R.C.2721.16. Id. at 4. We also concluded that because R.C. 2721.16 is remedial in nature, it applies to both an action commenced after the statute's effective date and an action pending on the statute's effective date. Id.
Based upon the above, we find the trial court abused its discretion when it awarded appellee attorney's fees in this matter.
Owner's First Assignment of Error is sustained.
 II
In its Second Assignment of Error, Owners contends the trial court erred in calculating the award of attorney's fees. We will not address this assignment of error as it is moot based upon our disposition of the First Assignment of Error.
 III
Owners contends, in its Third Assignment of Error, that the trial court erred when it granted prejudgment interest because the contract between the parties expressly recognizes that no money is due and payable until any dispute is arbitrated. We disagree.
In support of this argument, Owners cites the following language contained in the insurance contract that addressed arbitration:
 We and a person entitled to coverage under this agreement may not agree as to whether that person is entitled to recover damages or the amount of damages. In that case, either party may make a written demand for arbitration. If a demand is made, each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that a judge of a court having jurisdiction make the selection. Each party will pay its own arbitrator and bear equally the other expenses of arbitration. Arbitration will take place in the county and state in which the person entitled to coverage lives. Local rules of procedure and evidence will apply. A decision by any two of the arbitrators will be binding.
Based upon the above language, Owners maintains no money was due and payable any sooner than the date of the arbitration because appellee had no reasonable expectation of receiving any sum of money and Owners had no obligation to pay any sum of money until the parties exercised their option under the arbitration clause. In response, appellee contends the obligation to pay benefits under the insurance contract is fixed on the date of the accident, despite the amount due not yet having been determined.
The Ohio Supreme Court, in the case of Landis v. Grange Mut. Ins. Co. (1998), 82 Ohio St.3d 339, explained the basis upon which prejudgment interest in UM/UIM cases is to be determined. However, in doing so, the Court did not set forth specific guidelines concerning what is necessary to determine an appropriate date to trigger the running of prejudgment interest.
Although lacking in these specific guidelines, the Landis case does contain the following pertinent points of law. First, a claim for UM/UIM benefits is a contract claim, not a tort claim. Thus, an insured can recover prejudgment interest, under R.C. 1343.03(A), the statute governing interest on contracts, book accounts and judgments. Id. at 341. Justice Pfeifer refers to the specific language of this statute, which provides, in pertinent part:
 when money becomes due and payable upon any * * * instrument of writing, * * * and upon all judgments, decrees, and orders of any judicial tribunal for the payment of money arising out of tortious conduct or a contract or other transaction, the creditor is entitled to interest at the rate of ten per cent per annum, * * *.
Second, lack of good faith effort to settle a case is not a predicate to an award of prejudgment interest under R.C. 1343.03(A). Finally, Justice Pfeifer states, with reference to the date from which prejudgment interest should run that:
 Whether the prejudgment interest in this case should be calculated from the date coverage was demanded or denied, from the date of the accident, from the date at which arbitration of damages would have ended if Grange had not denied benefits, or some other time based on when Grange should have paid Landis is for the trial court to determine. Id. at 342.
Based upon the above language, it is clear that it is within the trial court's discretion to determine from what date prejudgment interest should be calculated. Although the Ohio Supreme Court sets forth these possible dates, it does not provide any guidelines which a trial court should follow to determine which one of these possible dates is appropriate.
However, the Court does set forth several factors a trial court should not consider in determining the date for prejudgment interest. Specifically, a trial court should not consider whether the benefits were denied in good faith. Such determination "* * * is irrelevant because lack of good faith effort to settle is not a predicate to an award of prejudgment interest pursuant to R.C. 1343.03(A), as it is under R.C.1343.03(C)." Id. at 341. The Court also explained that "* * * [insurance companies] will be subject to a prejudgment interest award, not as a punishment but as a way to prevent them from using money then due and payable to another for their own financial gain." Id.
Finally, the Court noted that once a declaratory judgment action determines that the money is due and payable, the fact that the amount remains undetermined until arbitration is completed does not bar recovery of prejudgment interest. Id. This conclusion, by the Court, appears to indicate that once it has been determined that money is due and payable, that fact alone controls the trigger date for prejudgment interest. That is, arguably, the date of a judgment entry establishing liability.
In the case sub judice, the trial court determined on February 24, 1997, in a declaratory judgment action filed by appellee, that each beneficiary was entitled to a separate, per person limit of coverage under the policy issued to Wanda and Wayne Jewett. The trial court also determined that coverage was available to Gregory Jewett, under his own policy, for damages which exceeded the coverage available to him under the policy issued to Wanda and Wayne Jewett. We affirmed the trial court's decision on September 29, 1997. However, it was not until 1999 that appellees received a monetary award through arbitration. Owners maintains that according to the terms of the contract, appellee is not entitled to prejudgment interest prior to the date of arbitration.
In support of this argument, Owners cites to the cases of Eagle Am.Inc. Co. v. Frencho (1996), 111 Ohio App.3d 213 and Kellogg v. Doe (Feb. 26, 1998), Cuyahoga App. No. 72619, unreported. Both cases address when damages become due and payable and the propriety of awarding prejudgment interest. In the Eagle Am. Inc. Co. case, the court held:
 * * * [P]ursuant to the terms of the insurance contract, in the event that the parties were unable to agree as to the amount of damages, both parties had a right to proceed to binding arbitration. In the event that either party was unsatisfied with the result rendered after the arbitration proceeding, both parties had a subsequent right to a trial by jury * * *. As such, interest would be calculated only from the date the judgment was rendered, which would preclude an award of prejudgment interest. Id. at 221.
In the Kellogg case, the Eighth District Court of Appeals held that prejudgment interest was not appropriate because the contract required disputes to be decided pursuant to arbitration. The court stated:
 As in Eagle, the contract between appellant and appellee here provides that there must be agreement between the insurer (sic) and the insurance company as to fault and amount before a claim will be paid * * *. The contract provides that if there is no agreement, the dispute shall be resolved through arbitration. Id. at 3.
We disagree with the conclusions reached in Eagle Am. Inc. Co. andKellog pursuant to the Ohio Supreme Court's decision in Landis. In applying the reasoning of Landis to the case sub judice, the fact that the amount of money appellees were entitled to was not determined until arbitration, in 1999, does not effect their right to recover prejudgment interest and does not preclude them from recovering prejudgment interest from any date prior to the date of arbitration.
Accordingly, we conclude the trial court did not err when it awarded prejudgment interest prior to the date of arbitration. Further, the trial court's award of prejudgment interest, from the date of the accident, is permissible as the Landis case specifically provides that the date of accident is one possible date for a trial court to consider in awarding prejudgment interest. Landis at 342.
Owners' Third Assignment of Error is overruled.
 IV
In its Fourth Assignment of Error, Owners contends the trial court's decision regarding prejudgment interest violates the contract clauses of the United States Constitution and the Ohio Constitution. We overrule this assignment of error because Owners failed to raise this issue before the trial court. Failure to raise a constitutional issue in the trial court, when the issue is apparent at the time of trial, constitutes a waiver of such issue on appeal. Remley v. Cincinnati Metro. HousingAuth. (1994), 99 Ohio App.3d 573, 574, citing State v. Awan (1986),22 Ohio St.3d 120, syllabus.
Owners' Fourth Assignment of Error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Licking County, Ohio, is hereby affirmed.
WISE, J. BOGGINS, J., concurs. FARMER, P. J., dissents.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Licking County, Ohio, is affirmed.
Pursuant to App.R. 24(A)(2), Owners shall pay costs.
[1] Jewett v. Owners Ins. Co. (Sept. 29, 1997), Licking App. No. 97CA24, unreported.
[2] Jewett v. Owners Ins. Co. (1998), 82 Ohio St.3d 1224.