OPINION
{¶ 1} Plaintiff-Appellant Betty R. Bauer nka Johnson (hereinafter "appellant") appeals the February 7, 2002, Judgment Entry/Decree of Divorce of the Fairfield County Court of Common Pleas, Domestic Relations Division, modifying spousal support and terminating COBRA insurance coverage.
 STATEMENT OF THE FACTS AND CASE {¶ 2} Appellant and appellee were married on April 20, 1973. One child, a son, was born as issue of this marriage. The child is now emancipated.
 {¶ 3} On March 17, 1996, Appellant-wife filed a complaint for divorce in the Fairfield County Court of Common Pleas, Domestic Relations Division. On April 2, 1996, appellee-husband filed an answer and counterclaim for divorce. The trial court issued temporary orders on May 29, 1996. The matter proceeded to trial before Judge S. Farrell Jackson on June 2 and 3, 1997. On July 31, 1997, the trial court issued a Judgment Entry/Decree of Divorce. Thereafter, an Amended Judgment Entry/Decree of Divorce was journalized on October 9, 1997, which only addressed issues of implantation of the trial court's July 31, 1997 decision.
 {¶ 4} Pursuant to the Judgment Entry/Decree of Divorce, appellant-wife received approximately $68,000 in liquid and semi-liquid cash assets. In addition, appellant-wife received approximately $97,000 in unencumbered real estate. Specifically, appellant-wife was granted all rights, titles, and interests in the properties located at 270 Beck Road, Lancaster, Ohio; 1671-3 E. Whittier St., Columbus, Ohio; and 1753-1755 So. 8th Street, Columbus, Ohio.
 {¶ 5} The Judgment Entry/Decree of Divorce also awarded appellant-wife spousal support in the amount of $2,200 a month plus poundage. The trial court ordered the spousal support to continue until the first occurrence of any of the following events:
 {¶ 6} "A. August 31, 2006;
 {¶ 7} "B. Appellant-wife's death;
 {¶ 8} "C. Appellant-wife's remarriage;
 {¶ 9} "D. Appellant-wife's cohabitation with an unrelated adult male, not her spouse."
 {¶ 10} The trial court retained subject matter jurisdiction over the issue of spousal support.
 {¶ 11} Appellee-husband, who was then employed in a management position with Union Tools, Inc., received an average annual gross base salary of $52,914. In 1997, appellee-husband's annual gross base salary was $53,913. At the end of the Company's fiscal year each July 31, appellee-husband received an annual bonus based upon Union Tools' performance during that fiscal year. Appellee-husband's three-year average annual gross bonus was $7,814. In 1996, his annual gross bonus was $8,193.
 {¶ 12} As part of the Judgment Entry/Decree of Divorce, appellee-husband received all right, title, and interest in the property located at 22333 Bunker Hill Road, Lancaster, Ohio, which generates $175 per month in rental income. In addition, appellee-husband received the former marital residence, which generates $70 per month in rental income from a caretaker's shack located on the property. From these two properties, appellee-husband receives a combined rental income of $245/month, excluding expenses.
 {¶ 13} After taxes, appellee-husband received a monthly wage of $3,426.10. From this amount, $89.01 was deducted for life, disability, and medical insurance. Additional deductions included a monthly 401(k) savings deduction of $134.81 as well as a $2/month garage fee, for a total of $225.82. Appellee-husband's net monthly paycheck was $3,200. Both parties appealed the July 31, 1997 Judgment Entry/Decree of Divorce.
 {¶ 14} On April 8, 1998, this Court affirmed the lower court's decision in part and reversed and remanded on the issue of the court's ordering an amount withheld from husband's wages which constituted over 60% of his monthly income and also reversed on the issue that cohabitation should not be grounds for automatic termination of spousal support.
 {¶ 15} On December 6, 1999, Appellee-husband lost his job with Union Tools as a result of economic downsizing.
 {¶ 16} On December 27, 1999, Appellee-husband filed a motion seeking a modification and/or termination of his spousal support and COBRA medical coverage for Appellant-wife.
 {¶ 17} On June 12, 2000, Appellant-wife filed a motion for contempt for Appellee-husband's failure to pay spousal support and for amounts due and owing to their son, Blake Bauer.
 {¶ 18} On February 16, 2001, a trial took place before a magistrate, at the conclusion of which the magistrate requested that each side submit Proposed Findings of Fact and Conclusions of Law no later than March 21, 2001.
 {¶ 19} As of the date of the trial, Appellant was employed as a security guard earning $8.85 per hour ($18,408 annually, based on a 40 hour work week).
 {¶ 20} Subsequent to the trial, Appellant-wife filed a motion to join Appellee-husband's present wife into the pending litigation due to Appellee conveying all his interest in real estate to same. Based on same the trial court issued restraining orders preventing the sale or disposal of any assets pending further order of the court.
 {¶ 21} On May 4, 2001, Appellee was deposed, with said deposition being submitted to the trial court to supplement the prior trial testimony.
 {¶ 22} The parties were ordered by the magistrate to submit Proposed Findings of Fact and Conclusions of Law no later than July 11, 2001.
 {¶ 23} On October 11, 2001, a Magistrate's Decision was filed sustaining Appellee-husband's motion to modify spousal support and terminate Appellant-wife's COBRA coverage and sustaining Appellant-wife's motion for contempt as it related to the amount owed the parties' son.
 {¶ 24} On October 19, 2 001, Appellant-wife filed preliminary objections to the Magistrate's Decision.
 {¶ 25} On February 7, 2002, the trial court issued a Judgment Entry — Ruling on Objections affirming the Magistrate's Decision in its entirety.
 {¶ 26} On March 8, 2002, Appellant-wife filed a timely notice appeal, assigning the following errors:
ASSIGNMENTS OF ERROR
I.
 {¶ 27} "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY NOT DISREGARDING APPELLEE'S TESTIMONY AS SAME WAS COMPLETELY WITHOUT CREDIBILITY (Judgment Entry — Ruling on Objections dated 2-7-02)".
II.
 {¶ 28} "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY FINDING THAT A SPOUSAL SUPPORT MODIFICATION WAS APPROPRIATE IN THIS CASE (Judgment Entry — Ruling on Objections dated 2-7-02)".
III.
 {¶ 29} "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY ONLY ORDERING APPELLEE TO PAY ONLY $3,500 OF APPELLANT'S ATTORNEY'S FEES (Judgment Entry — Ruling on Objections dated 2-7-02)".
 I. {¶ 30} In her first assignment of error, Appellant-wife argues that the trial court erred and abused its discretion by not disregarding appellee-husband's testimony. We disagree
 {¶ 31} As the trier of fact, the trial court was free to believe any, all, or none of the testimony of the parties regarding the appellee's sincerity as it related to his job search, his current earning potential, and the reason for his termination from Union Tools. The trial court chose to believe that appellee lost his job through economic downsizing, had been diligent in his efforts to find like employment and that his current earning potental was only $8.00 — $9.00 per hour.
 {¶ 32} Upon our review of the record, we find the decision was not against the manifest weight of the evidence. Accordingly, we find the trial court did not abuse its discretion in failing to disregard appellee's testimony.
 {¶ 33} Appellant's first assignment of error is overruled.
 II. {¶ 34} In her first assignment of error, appellant contends the trial court abused its discretion in finding that a modification of spousal support was appropriate We disagree.
 {¶ 35} A review of a trial court's decision relative to spousal support is governed by an abuse of discretion standard. Cherry v. Cherry
(1981), 66 Ohio St.2d 348. We cannot substitute our judgment for that of the trial court unless, when considering the totality of the circumstances, the trial court abused its discretion. Holcomb v.Holcomb (1989), 44 Ohio St.3d 128. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217. We must look at the totality of the circumstances in the case sub judice and determine whether the trial court acted unreasonably, arbitrarily or unconscionably.
 {¶ 36} Pursuant to R.C. § 3105.18(C)(1), trial courts are to consider certain factors in making determinations of spousal support:
 {¶ 37} "§ 3105.18 Award of spousal support; modification.
 {¶ 38} "(C)(1) In determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, and terms of payment, and duration of spousal support, which is payable either in gross or in installments, the court shall consider all of the following factors:
 {¶ 39} "(a) The income of the parties, from all sources * * *;
 {¶ 40} "(b) The relative earning abilities of the parties;
 {¶ 41} "(c) The ages and the physical, mental, and emotional conditions of the parties;
 {¶ 42} "(d) The retirement benefits of the parties;
 {¶ 43} "(e) The duration of the marriage;
 {¶ 44} "(f) The extent to which it would be inappropriate for a party, because he will be custodian of a minor child of the marriage, to seek employment outside the home;
 {¶ 45} "(g) The standard of living of the parties established during the marriage;
 {¶ 46} "(h) The relative extent of education of the parties;
 {¶ 47} "(I) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;
 {¶ 48} "(j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;
 {¶ 49} "(k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;
 {¶ 50} "(l) The tax consequences, for each party, of an award of spousal support;
 {¶ 51} "(m) The lost income production capacity of either party that resulted from that party's marital responsibilities;
 {¶ 52} "(n) Any other factor that the court expressly finds to be relevant and equitable."
 {¶ 53} The trial court ordered a modification of spousal support as follows:
 {¶ 54} "1. Effective March 25, 2000 that Defendant's spousal support obligation to the Plaintiff be reduced to $650.00 per month, plus processing charge.
 {¶ 55} Effective December 9, 1999, the Defendant's obligation to maintain COBRA insurance coverage be terminated."
 {¶ 56} See, Magistrate's Decision, October 11, 2001.
 {¶ 57} The record supports the trial court's finding that appellee-husband's present earning ability is limited to $8.00-$9.00 per hour. The trial court found that appellee-husbands prior salary of $60,000 per year was a result of his long tenure with Union Tools and not based on any marketable skills or education which would transfer to the current job market. Id.
 {¶ 58} Upon review of the record, it is clear the trial court considered the relevant factors set forth in R.C. § 3105.18(C)(1). Accordingly, appellant's second assignment of error is overruled.
 III {¶ 59} In her third assignment of error, appellant maintains the trial court abused its discretion in only ordering appellee to pay $3,500 of her attorney fees. We disagree.
 {¶ 60} A trial court's determination to grant or deny a request for attorney fees will not be disturbed absent an abuse of discretion.Motorists Mut. Ins. Co. v. Brandenburg (1995), 72 Ohio St.3d 157.
 {¶ 61} The trial court ordered appellee to pay appellant's $3,500 in attorney fees incurred due to appellee's contempt.
 {¶ 62} In light of the fact appellant's motion for contempt was caused by appellee's failure to pay amount due an owing to appellant and their son, appellee caused her to incur those attorney fees and upon review of the entire record, we find the trial court did not abuse its discretion in only ordering appellee to pay $3,500 of those fees.
 {¶ 63} Appellant's third assignment of error is overruled.
 {¶ 64} The Judgment Entry of the Fairfield County Court of Common Pleas, Domestic Relations Division, is affirmed.
Boggins, J., Farmer, P.J. and Wise, J. concur.